Case 1:06-cv-01181-PLF   Document 1   Filed 06/28/2006   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| for the Use and Benefit of ) | | |
| Holden & Flynn Universal Contractors, Inc. ) | | |
| (a New York corporation) ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| HENSEL PHELPS CONSTRUCTION CO. ) | CIVIL ACTION NO. | |
| (a Delaware Corporation) ) | | |
| ) | _____ | |
| and ) | COMPLAINT | |
| ) | | |
| BYRNE MILLWORK, INC. ) | | |
| (a Delaware corporation) ) | | |
| ) | | |
| and ) | | |
| ) | | |
| TRAVELER'S CASUALTY & SURETY CO ) | | |
| (a Connecticut corporation) ) | | |

JURISDICTION

1. This is an action to recover under a bond required by the Miller Act.

2. This Court has jurisdiction of this cause pursuant to 40 U.S.C. §3133.

CLAIM FOR RELIEF

3. On April 10, 2003, the defendant, Hensel Phelps Construction Co. and the UNITED STATES OF AMERICA, by the Smithsonian Institution, entered into a contract for the refurbishing of the Smithsonian Industrial Patent Office Building at Washington, DC. The

2

contract was designated as Contract No. FO366cc10264 Project #2003031 and Doc# GSL-0132.

4. The contract referred to was to be and actually was performed and executed within the territorial jurisdiction of the United States District Court for the District of Columbia.

5. Defendant, Hensel Phelps Construction Co., is a corporation organized and existing under and by virtue of the laws of the State of Delaware with authority to conduct business in the District of Columbia.

6. As a condition of the construction contract, and pursuant to the Miller Act, Hensel Phelps Construction Co., as Principal, and Traveler's Casualty & Surety Co., as Surety, executed a standard form of payment bond to the UNITED STATES OF AMERICA.

7. Under the bond, the defendants bound themselves, jointly and severally, in the sum of $100,230.00 to guarantee prompt payment to all persons supplying labor and materials in the prosecution of the work provided by the contract.

8. On April 10, 2003, the bond was accepted by the United States of America and, with that acceptance, the contract was awarded to Hensel Phelps Construction Co.

9. Hensel Phelps Construction Co. entered into a subcontract with Byrne Millwork, Inc., for the manufacture, delivery and installation of certain millwork including stair railings and benches which were delivered to the job site and installed by the plaintiff at the construction project.

3

10. Byrne Millwork entered into a time and materials contract with Holden & Flynn Universal Contractors, Inc. to provide the installation services for the project.

11. Holden & Flynn Universal Contractors, Inc. effected the installation of the stair railings and benches under the time and materials contract and said contract was known to and approved by Byrne Millwork, Inc., and Hensel Phelps Construction Co.

12. That from the inception date of the contract until the completion date, July 5, 2005, the plaintiff furnished the services and materials requested. The plaintiff's services were accepted by Byrne Millwork, Inc., and Hensel Phelps Construction Co. and incorporated in the project covered by the contract.

13. That the agreed price and reasonable value of the services and materials involved in the project was the sum of $25,131.84 of which $12,509.60 has been paid.

14. Demand for payment of the remaining balance in the amount of $12,622.24 was made on July 30, 2005, by Holden & Flynn Universal Contractors, Inc., to the individual defendants, each of them, but the balance owing has not been paid.

15. More than 90 days has elapsed since the day on which the last of the materials and labor have been furnished, for which claim is made in this complaint.

16. One year has not elapsed since the date of final settlement of the contract referred to.

PRAYER

Plaintiff demands judgment against the defendants:

1. In the sum of $12,622.24.

4

    2. Plus interest at the statutory rate from January 5, 2005.

    3. Plus an award for plaintiff's costs of suit.

DATED: June_____, 2006

_____
BERNARD C. DIETZ
Bar No. 23200
Attorney for Plaintiff
209 Pennsylvania Avenue, SE
Washington, DC 20003
(202) 548-8000